

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAMJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE. Senior Warden, Otay Mesa Detention Center,<br><br>Respondent. | Case No.:  26cv2020 DMS AHG<br><br>**ORDER GRANTING PETITION** |

This is Petitioner's second habeas corpus case in this Court.  In his first case, Case No. 26cv410 RSH (DDL), the Court denied his petition without leave to amend. Approximately one month later, Petitioner filed the present case.  This Court issued an Order Requiring Response, Respondent filed a Return, and then Petitioner, through counsel that represented him in his first case, filed a First Amended Petition for Writ of Habeas Corpus ("FAP").  The Court gave Respondent an opportunity to file an amended return to the FAP, but he opted to stand on his original Return.  Petitioner then filed a Traverse.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of India.  (Pet. at 2.)  On August 8, 2025, he entered the United States without inspection and was arrested by Border Patrol officials.  (*Id.*)  He

was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (Return, Ex. 1.)  Petitioner was referred for a credible fear interview with an asylum officer, and after receiving a positive finding, was issued a Notice to Appear, which initiated full removal proceedings. (Return, Ex. 2.)

Petitioner's first hearing before an immigration judge was scheduled for October 8, 2025, but that hearing was continued to October 15, 2025, due to the unavailability of an interpreter.  (Return, Ex. 3.)  At Petitioner's request, the October 15, 2025 hearing was continued to November 12, 2025, and that hearing was continued to December 10, 2025, also at Petitioner's request.  (*Id.*)  It appears the December 10, 2025 hearing was continued to January 13, 2026, due to reassignment of the immigration judge and/or at Petitioner's request.  (*Id.*)  The January 13, 2026 hearing was continued four additional times at Petitioner's request.  (*Id.*)  The March 17, 2026 hearing was also continued either at Petitioner's request or due to reassignment of the immigration judge.  (*Id.*)  As of June 8, 2026, Petitioner's merits hearing had yet to be completed.  (Respondent's Resp. to FAP.)

In the present case, Petitioner realleges a claim raised in his previous case, namely, that his detention without notice and an opportunity to be heard and his detention without a bond hearing violates his right to procedural due process.  In *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025).  This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

26cv2020 DMS AHG

Starting with the first factor, Petitioner has been detained since August 8, 2025, or over nine months. Petitioner's immigration proceedings remain pending, and as of June 8, 2026, he was still waiting for a merits hearing. On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025). *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'"). On the fourth and fifth factors, Respondents argue Petitioner is responsible for most of the delays in his cases, and the record supports that assertion. Of the eleven continuances of Petitioner's hearing, eight were requested by Petitioner and three were due to Respondent.[1] The sixth factor is neutral, as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The three continuances attributable to Respondent involved the unavailability of an interpreter and reassignment of Petitioner's case to a new immigration judge.

3

26cv2020 DMS AHG

community or a risk of flight if released on bond. Respondents shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED**.

Dated:  June 18, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv2020 DMS AHG